FILED
2/12/2015 1:50:43 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Jackson

2 CITS PPS/SAC 2

W/JD

Cause No. **2015CI02443**

| | | |
|---|---|---|
| SOPHIA COY HERNANDEZ, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | **438** JUDICIAL DISTRICT |
| | § | |
| CON-WAY TRUCKLOAD, INC., | § | |
| AND CON-WAY FREIGHT, INC., JOHN DOE | § | |
| Defendants | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

Now comes, Plaintiff, Sophia Coy Hernandez, complaining of and about Con-Way Truckload, Inc., Con-Way Freight, Inc., and John Doe, hereinafter referred to as Defendants, for cause of action would respectfully show the Court and Jury as follows:

I.
### DISCOVERY CONTROL PLAN

Discovery, pursuant to Rule 190.4, Texas Rules of Civil Procedure, will be conducted under Level 3.

II.
### PARTIES

Plaintiff SOPHIA COY HERNANDEZ is an individual residing in San Antonio, Bexar County, Texas. In accordance with CPRC §30.014, the last three numbers of Plaintiff's driver's license number are 092 and the last three numbers of his Social Security number are 523.

Defendant, Con-Way Truckload, Inc. is a corporation authorized to do business in the State of Texas and may be served through its registered agent for service of process at: Corporation Service



#142839
Page 1

Company dba CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas, 78701-3218.

Defendants, Con-Way Freight, Inc. is a corporation authorized to do business in the State of Texas and may be served through its registered agent for service of process at: Prentiss Hall Corporation System, 211 East 7th Street, Suite 620, Austin, Texas, 78701-3218.

Defendant, John Doe is an individual whose conduct, true name and identity are unknown at the present time. Plaintiffs request leave to amend this Complaint when such information is discovered.

### III.
### VENUE

Venue is appropriate under Section 15.002(a) (1) of the Texas Civil Practice and Remedies Code in that Bexar County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

### IV.
### FACTS

Plaintiff would show at approximately 11:00 am on October 2, 2014, she was driving her vehicle westbound in the 10009 Block of IH10, in San Antonio, Bexar County, Texas. A tractor-trailer unit owned and operated by Con-Way Truckload, Inc. and Con-Way Freight, Inc. swerved out of its lane of travel, and violently struck Plaintiff's vehicle. The tractor-trailer unit continued driving, fleeing the scene of the accident. Plaintiff reported the accident to law enforcement authorities, and a report was generated by the San Antonio Police Department. As a direct result of the violent collision with the tractor-trailer, Plaintiff sustained severe and permanent injuries.

## V.
## CAUSES OF ACTION

A.   Negligence and Negligence Per Se

Defendants, Con-Way Truckload, Inc. and Con-Way Freight, Inc. and their unknown driver, who, was at all times relevant in the course and scope of his employment with Defendants, Con-Way Truckload, Inc. and Con-Way Freight, Inc. are liable for proximately causing the injuries and damages for the following reasons:

1. By failing to keep such an look out as a person of ordinary care would have kept;

2. By failing to turn the tractor-trailer to the right to avoid the collision as a person using ordinary care would have done;

3. By failing to make timely or proper application of the brakes on the tractor-trailer as a person using ordinary care would have made;

4. In failing to keep the tractor-trailer in the proper lane of traffic;

5. In driving at a rate of speed greater than a person using ordinary care would have driven which constitutes negligence and negligence per se under the Transportation Code §542.206 and §545.351;

6. In failing to properly or adequately train their drivers;

7. In failing to maintain a proper visual search in conformity with Federal Motor Carrier Safety Regulation 49 CFR 383.111 and industry standards;

8. In failing to see either the vehicle driven by Plaintiff which indicates improper visual search techniques;

9. In failing to manage the space around his tractor-trailer in conformity with Federal Motor Carrier Safety Regulation 49 CFR 383.111 and industry standards;

10. In failing to have and maintain proper driving skills in conformity with Federal Motor Carrier Safety Regulation 49 CFR 383.113 and industry standards; and

11. In failing to have adequate safety policies/procedures necessary for its drivers such as Defendant's driver and failing to implement those or have an appreciation for those policies and procedures such that the persons in charge of safety would convey the significance of those safety policies and procedures;

12. In failing to hire competent and safe drivers;

13. In entrusting its truck/tractor and trailer to an individual it knew or in the exercise of reasonable care should have known was an incompetent, reckless and/or unfit driver;

B. Gross Negligence

Furthermore, the actions, inactions, and wrongs of Defendants, as set out above, amounted to more than momentary thoughtlessness, inadvertence, or error of judgment; it involved such an entire want of care so as to establish that the actions, inactions, and wrongs of Defendants were the result of actual conscious indifference to the rights, safety, and welfare of the persons affected, including Plaintiff; and, were aggravated by the kind of malice for which the law allows the imposition of exemplary damages. Furthermore, Defendants' conduct when viewed objectively from Defendants' standpoint, at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and, Defendants' had actual, subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff.

## VI.
## DAMAGES

A. Sophia Coy Hernandez is entitled to at least the following legal damages as a result of Defendants' negligence and gross negligence:

#142839
Page 4

1. Medical, hospital, pharmaceutical expenses in the past;

2. Medical, hospital, pharmaceutical expenses that, in reasonable probability, will be incurred in the future;

3. Physical pain and suffering in the past;

4. Physical pain and suffering that, in reasonable probability, she will suffer in the future;

5. Mental anguish in the past;

6. Mental anguish that, in reasonable probability, she will suffer in the future;

7. Physical impairment in the past;

8. Physical impairment that, in reasonable probability, she will suffer in the future;

9. Loss of earning capacity in the past;

10. Loss of earning capacity that, in reasonable probability, she will sustain in the future; and

11. Exemplary Damages.

The foregoing enumerated damages were proximately caused by the negligence and gross negligence of the Defendants. Based on the foregoing, Plaintiff pleads for an amount of actual damages which a jury deems reasonable under the circumstances, which is in excess of the jurisdictional limits of this Court.

B. Exemplary Damages

As a result of the actions, inactions, and wrongs of Defendants, as set out above, Plaintiff is entitled to recover exemplary damages from Defendants in an amount deemed to be just and fair by the Jury which will be an amount within the jurisdictional limits of the Court.

C. Interest and Costs

Plaintiff further alleges that she is entitled to recover pre-judgment and post-judgment interest at the legal rate as provided by law and Cavnar v. Quality Control Parking, Inc., 696 S.W.2d 549 (Tex. 1985) and by Art. 5069-1.05, V.A.T.S.

## V.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff is entitled to recover pre-judgment and post-judgment interest.

## VI.
## JURY DEMAND

Plaintiff respectfully requests a trial by jury and tenders the appropriate fee.

## VII.
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named as Defendants are to disclose, within fifty (50) days of service of this request, the information and materials described in the Texas Rules of Civil Procedure, 194.2(a) – (k).

## VIII.
## INTERROGATORIES

### GENERAL PROVISIONS AND STATUTORY AUTHORITY

1. The party or parties represented by the undersigned attorneys are sending the attached questions to you under the Provisions of Rule 197 of the Texas Rules of Civil Procedure.

TIME FOR ANSWERING INTERROGATORIES AND REQUESTS FOR PRODUCTION

2. UNDER THE PROVISIONS OF RULE 197.2(A) OF THE TEXAS RULES OF CIVIL PROCEDURE, IT IS REQUESTED THAT COMPLETE AND RESPONSIVE ANSWERS TO THESE QUESTIONS BE RECEIVED WITHIN FIFTY (50) DAYS AFTER SERVICE OF THESE QUESTIONS.

## OBJECTIONS TO INTERROGATORIES

3.  Within fifty (50) days after you receive these Interrogatories and Requests for Production, you may object to specific questions or a part of any question; Rule 197.2(b), Texas Rules of Civil Procedure.

   (a) However, it is not ground for objection that the information sought will be inadmissible at the trial of this case if the information sought appears reasonably calculated to lead to the discovery of admissible evidence; Rule 192, Texas Rules of Civil Procedure.

   (b) It is also not ground for objection that a question propounded pursuant to Rule 197 involves an opinion or contention that relates to fact or the application of law to fact; Rule 192, Texas Rules of Civil Procedure.

## PROCEDURE FOR ANSWERING INTERROGATORIES

4.  These questions are beings served on your attorneys of record, and the answers to these questions should, to the extent possible, be answered in the spaces provided and, if you need additional space, please use additional sheets or the back of the page on which the question appears.

5.  In answering these questions, please furnish all of the information available to you, including information in the possession of your attorneys, or their investigators, and all persons acting in your behalf, and not merely such information known of your own personal knowledge.

6.  If you cannot answer the question in full after exercising due diligence to secure the information, say so in your answer, and to the extent possible, answer stating whatever information or knowledge you have.

## DEFINITIONS

As used herein, the following words, terms, and phrases shall have the meaning indicated below:

A.  "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

B.  "'Document' or "Documentation" as used herein is as bread as allowed by the Texas Rules of Civil Procedure. As such, these terms refer to all written or electronically stored data or graphic matter, drafts, originals or non-conforming copies which contain deletions, insertions, handwritten notes or comments, however produced at reproduced, or to any other tangible permanent record and shall include, without limitation floppy discs, computer files on hard drives,. email printouts, worksheets, letters, telegrams, cables, notations, notes, memoranda or minutes (including those of conversations, communications and meetings), contract agreements, desk calendars, appointment

books, diaries telephone bills, expense account statements, cancelled checks, or other instruments of payment, account statements, work papers, ledgers, ledger sheets, books of account, journals, audits, accountants' reports, financial statements, transcripts, corporate records, lists, tabulations, comparisons, charts, graphs, summaries, computer printout and tapes, magnetic tapes, microfilms, punch cards, descriptions, and all written. printed, typed or other graphic or recorded matter of any nature whatsoever, however denominated. It is further requested that you cause any electronic or magnetic data responsive to any request for production to be produced, be printed out and produced, or to be produced on jump drivers or CD-R discs with a notation thereon which commercial application, if any, should be used to access and read such data.

C. "You" and "Your" shall mean the party to whom these questions are directed, as well as agents, employees, attorneys, Investigators, and all other "persons" acting for said party.

D. "Identify a Document": in any question wherein you are asked to identify a document, state with respect to each such document

1. The identity of the person who signed it over or in whose name it was issued,
2. The identity of the person or persons to whom it was addressed.
3. The identity of the person who prepared it.
4. The title and substance of the document with sufficient particularity to enable the same to be identified,
5. The date of the document.
6. The date the document was executed or prepared, if different from the date it bears;
7. If the document or a copy of it is not in your custody or control, indicate the identity of the person who has custody or control of it or who has a copy of it.

E. "Identify a Person." In each question wherein you are asked to identify a person, state with respect to such person as follows:

1. His full name;
2. His last known address and telephone number.
3. The name and address of his employee; and
4. His job title.

If the person to be identified is not a natural person (e.g., a corporation), give its name, address and principal business activity.

F. "Number and Gender defined." As used in these Interrogatories, whenever the context so indicates, the masculine, feminine or neuter gender, and the singular or Plural number, shall be deemed to include the others.

G. "Accident in question" or "Subject accident" means the accident which occurred on October 2, 2014 in the 10009 Block of IH 10 in San Antonio, Bexar County, Texas.

I. "Defendant" means CON-WAY TRUCKLOAD, INC. and CON-WAY FREIGHT, INC. and the unknown driver.

## FIRST SET OF INTERROGATORIES TO DEFENDANTS

1. Please identify the driver of the subject tractor-trailer unit on the day of the subject accident, including name, address, telephone number, date of birth and social security number.

2. Please identify the tractor-trailer unit involved in the subject accident, including the identifying unit number for the tractor and for the trailer.

3. Please state where the subject tractor-trailer is currently located, whether it has been repaired, and whether it has been put back into service.

## FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

### GENERAL INSTRUCTIONS AND STATUTORY AUTHORITY

1. Pursuant to Rule 196 of the Texas Rules of Civil Procedure, the party or parties represented by the undersigned Attorneys REQUEST that you produce and permit the undersigned Attorneys to inspect and copy the documents and tangible things designated below which are in your possession, custody or control.

### TIME AND PLACE FOR PRODUCTION

2. REQUESTED TIME: Fifty (50) days from date of receipt.

   REQUESTED PLACE:   McFARLAND LAW LLC
   10101 Reunion Place, Suite 600
   San Antonio, Texas 78216

### PROCEDURE FOR PRODUCTION

3. It is further REQUESTED that you serve a written response stating, with respect to each item or category of items, that the inspection and copying will be permitted as requested; or stating your objections in writing to particular items, or category of items, stating specific reasons why such discovery should not be allowed.

4. It is further REQUESTED that you organize the designated documents and other tangible things and label them to correspond with the categories in this Request for Production.

5. In responding to this Request for Production, the phrase "possession, custody or control" includes constructive possession such that you need to have actual physical possession. It also includes the

information in the possession of your attorneys, or their investigators, and all persons acting on your behalf. Finally, it includes third parties (including any agency, authority, or representative) over whom you have a superior right to compel production.

6. If any document or other tangible thing requested to be produced was, but is no longer in existence, please state in your written response whether it is:

   (1) Missing or lost;
   (2) Destroyed;
   (3) Transferred voluntary or involuntarily to others, and if so, to whom, or;
   (4) Otherwise disposed of, and in each instance explain the circumstances surrounding the authorization of such disposition and the date of any such disposition.

## DEFINITIONS

As used herein, the following words, terms and phrases shall have the meaning indicated below:

A. "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

B. "Document" or "Documentation" as used herein is as broad as allowed by the Texas Rules of Civil Procedure. As such, these terms refer to all written or electronically stored data or graphic matter, drafts, originals or non-conforming copies which contains deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible, permanent record and shall include, without limitation, floppy discs, computer files on hard drives, e-mail printouts, worksheets, letters, telegrams, cables, notations, notes, memoranda or minutes (including those of conversations, communications and meetings), contracts, agreements, desk calendars, appointment books, diaries, telephone bills, expense account statements, cancelled checks, or other instruments of payment, account statements, work papers, ledgers, ledger sheets, books of account, journals, audits, accountants' reports, financial statements, transcripts, corporate records, lists, tabulations, comparisons, charts, graphs, summaries, computer printouts and tapes, magnetic tapes, microfilms, punch cards, descriptions and all written, printed, typed or other graphic or recorded matter of any nature whatsoever, however denominated. It is further requested that you cause to be printed out and produced, or to be produced on jump drives, disks, CD-R. DV-R, external hard drives with a notation thereon which commercial application, if any, should be used to access and read such data.

C. "You" and "Your" shall mean the party to whom these requests are directed, as well as agents, employees, attorneys, investigators, and all other "persons" acting for said party.

D.  "Identify a Document." In any question wherein you are asked to identify a document, state with respect to each such document:

   1. The identity of the person who signed it over or in whose name it was issued.
   2. The identity of the person or persons to whom it was addressed.
   3. The identity of the person who prepared it.
   4. The title and substance of the document with sufficient particularity to enable the same to be identified.
   5. The date of the document.
   6. The date the document was executed or prepared, if different from the date it bears.
   7. If the document or copy of it is not in your custody or control, the identity of the person who has custody or control or a copy of it.

E.  "Identify a Person." In each question wherein you are asked to identify a person, state with respect to such person as follows:

   1. His full name.
   2. His last known address and telephone number.
   3. The name and address of his employer.
   4. His job title.

   If the person to be identified is not a natural person (e.g., a corporation), give its name, address and principal business activity.

F.  "Number and Gender defined." As used in these Requests for Production, whenever the context so indicates, the masculine, feminine or neuter gender, and the singular or plural number, shall be deemed to include the others.

G.  "Accident in question" or "Subject accident" means the accident which occurred on October 2, 2014 in the 10009 Block of IH 10 in San Antonio, Bexar County, Texas.

H.  "Defendants" means CON-WAY TRUCKLOAD, INC. and CON-WAY FREIGHT, INC. and the unknown driver.

## FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS

1. Please produce all maintenance records and/or other documents regarding maintenance and/or repairs of the subject tractor-trailer operated by the CFI driver at the time of the subject accident;

2. All driver's logs and/or driver log books and/or driver's inspection records and bills of lading for the subject tractor-trailer operated by the CFI driver at the time of the subject accident.

Page 11

3. All inspection reports for the 5-years prior to October 2, 2014 through the present for all inspections performed on the subject tractor-trailer operated by the CFI driver at the time of the subject accident.

4. All Bills of Lading and all other operational documents relating to the load being hauled at the time of the collision in question, including, but not limited to, pickup and delivery documents, freight bills, weight sale documents showing the amount loaded and when, and any and all other loading, unloading or detention records or other documents showing cargo pickup or delivery dates and times.

5. All trip and operational documents, including, but not limited to, trip reports, trip envelopes, dispatch records, call in records, work schedule reports, fuel purchase reports, and distance traveled reports.

6. All documents pertaining to any and all repairs performed on the subject tractor-trailer as a result of the subject accident.

7. Any and all documents detailing data compilations for the following items derived and/or obtainable from/through any device installed or mounted on the subject tractor-trailer operated by the CFI driver on October 2, 2014:

   a. Fuel mileage and/or oil consumption;
   b. Shift patterns and/or out-of-gear operations;
   c. Idle percentages and/or overspeed percentages;
   d. Speed data; and
   e. Any other data recorded or derived.

8. All documentation, including emails, dispatch records, communication data, GPS data and/or transmissions and/or documents of any type, detailing all data derived from or obtained through any onboard computer or similar device for the tractor-trailer operated by the CFI driver at the time of the subject accident. This request specifically includes data for the six (6) months prior to the collision in question.

9. All documentation detailing all data derived from or obtained through any global positioning system (GPS) or any similar device that tracks or records a vehicle's global position or whereabouts for the subject tractor-trailer operated by the CFI driver on October 2, 2014. This data specifically includes data for the six (6) months prior to the collision in question.

10. The driver logs, log books, and any similar documents for the subject tractor-trailer operated by the CFI driver on October 2, 2014. This request specifically calls for said documents for both the driver and the subject tractor-trailer for thirty (30) days prior to the subject collision.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein; that, on final hearing of this cause, Plaintiff have judgment against Defendants for actual damages in an amount deemed to be just and fair by the Jury which will be a sum within the jurisdictional limits of this Court; exemplary damages in an amount to be just and fair by the Jury which will be a sum within the jurisdictional limits of this Court; pre judgment interest and post-judgment interest at the maximum rate provided by law; court costs; and any other relief to which Plaintiff may be justly entitled. Plaintiffs will accept whatever verdict the jury in this matter deems to be fair and just and are only asking that the jury to award what is fair and just considering the evidence in this case including the outrageous conduct of the Defendants. However, the Defendants have demanded that the Plaintiffs, at this time, before the jury has even been presented evidence, set out a maximum amount of damages being claimed as opposed to merely allowing the jury to award what is just and reasonable.

Respectfully submitted,

/s/ Jason J Thompson
Jason J. Thompson
State Bar No. 00791791
THE THOMPSON LAW FIRM
10107 McAllister Freeway
San Antonio, Texas 78216
(210) 410-4077 - Telephone
(855) 410-4077 – Facsimile
Jason@JThompsonLaw.com

Grant T. McFarland
State Bar No. 13598200
grantmcfarland1@gmail.com
MCFARLAND LAW LLC
725 Evans Ave
San Antonio, Texas 78209
(210) 859-1956 – Telephone
(855) 410-4077 – Facsimile

ATTORNEYS FOR PLAINTIFF,
SOPHIA COY HERNANDEZ